IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CARL DAVIS VAUGHN, JR.,          )
                                 )
        Plaintiff,               )
                                 )
    v.                           )    1:24-cv-89
                                 )
JASMENE HERRING and SUMMIT       )
CONSULTING, LLC,                 )
                                 )
        Defendants.              )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Before this court is a motion to dismiss filed by Defendants Summit Consulting, LLC and Jasmene Herring. (Doc. 7.) Plaintiff responded, (Doc. 11), and Defendants replied, (Doc. 15). For the reasons stated below, the motion to dismiss will be granted.

Additionally, Plaintiff filed a motion for default judgment, (Doc. 6), and a motion to compel Defendants to respond to Plaintiff's affidavit, (Doc. 16). Plaintiff's motion for default judgment will be denied. Plaintiff's motion to compel will be denied as moot.

I. **FACTUAL BACKGROUND**

On a motion to dismiss, a court must "accept as true all of the factual allegations contained in the complaint." Ray v.

Roane, 948 F.3d 222, 226 (4th Cir. 2020). Although difficult to ascertain, the facts taken in the light most favorable to Plaintiff, are as follows.

Plaintiff experienced two health-related incidents during the time he was employed by Decision Point Logistics, LLC, a company that performed contract work for "AMAZON.COM, INC."[1] (Doc. 5 at 3.)[2]

First, in December 2021 and January 2022, Plaintiff had symptoms of COVID-19, and later tested positive for COVID-19, requiring him to miss time at work. (Id.) Plaintiff "requested his rightful sick pay/loss wages" from Decision Point Logistics, LLC, but was denied. (Id.)

Second, on February 14, 2022, Plaintiff was injured on the job when he experienced "a blunt force trauma to the head/face from a steel[] cart . . . [that] was being push[ed by a] co-worker." (See id.; Doc. 5-1 at 11–14.) Plaintiff shared photographs of his injury — a laceration above his eyebrow — and explains that he "drove himself to WakeMed North Hospital" to seek treatment. (Doc. 5-1 at 11–14.)

---

[1] Neither Decision Point Logistics, LLC nor Amazon is a named defendant in this suit.
[2] All citations in this Memorandum Opinion and Order to documents filed within the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

Plaintiff attached documentation from WakeMed hospital that shows a total charge of $2,180.14 from the February 14, 2022, visit. (Id. at 31; see also id. at 60-74.) This documentation shows that the bill was paid for in its entirety by a combination of health insurance and workers' compensation adjustments. (Id. at 31, 60.)

Plaintiff also attached personal health records from visits he made in May and June of 2023 to Duke Health, (Doc. 5-1 at 37-45), Sevenhill Associates, PA, (id. at 46-57), and CVS, (id. 58-59). The visits appear to relate, in large part, to psychiatric evaluations and treatment. None of the 2023 visits bear any apparent connection to his work-related laceration injury on February 14, 2022.

On March 10, 2022, Plaintiff submitted a "Form 18 filing" with the North Carolina Industrial Commission, reporting his laceration injury and requesting compensation. (Id. at 30.)

The series of events following Plaintiff's March 10 filing are not readily ascertainable from the Complaint, but it appears that Plaintiff eventually retained counsel, (see id. at 21-22), and demanded compensation in the amount of $63,115.14, (see id. at 36). Ms. Jasmene Herring, a claims specialist for Summit

- 3 -

Case 1:24-cv-00089-WO-JEP   Document 19   Filed 09/30/24   Page 3 of 9

Holdings, LLC,[3] received Plaintiff's demand and, on December 13, 2023, denied its merit but offered $1,000 to settle the claim. (See id. at 36.) Plaintiff rejected the settlement offer, (id. at 21–22), and on January 3, 2024, filed a complaint in Superior Court in Durham County, North Carolina. (Doc. 1-1.) The case was removed to federal court on February 5, 2024. (Doc. 1.)

II.  **STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable" and demonstrates "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556–57).

This court liberally construes a "complaint, including all reasonable inferences therefrom, . . . in the plaintiff's favor." Est. of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (citation

---

[3] According to Ms. Herring, Summit Holdings, LLC was Plaintiff's "Workers Comp carrier." (Id. at 36.)

omitted). It does not, however, accept legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Federal courts must liberally construe even "inartful" pro se complaints. See Boag v. MacDougall, 454 U.S. 364, 365 (1982). However, pro se plaintiffs are still required to plead facts that fairly put the defendant on notice of the nature of the claims and "contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555).

### III. DEFENDANTS' MOTION TO DISMISS

In an effort to liberally construe the pro se Complaint before it, this court has identified two categories of grievances that Plaintiff asserts against Defendants.

In one category, Plaintiff objects to Summit Consulting, LLC's and its employee, Jasmene Herring's, handling of his workers' compensation claim. (See Compl. (Doc. 5) at 4 ("Plaintiff Demands Defendants to compensate Plaintiff for the Insurance Adjuster Jasmene Herring's spoliation of the evidence, the injuries, pain and suffering . . . .").) As noted in a footnote above, Plaintiff attached records to his Complaint detailing a series of doctor visits in 2023 largely related to

psychiatric evaluations and seemingly unrelated to the laceration injury he experienced at work on February 14, 2022. (See Doc. 5-1 at 37-59.) Prior to filing this Complaint, Plaintiff attempted to negotiate a higher compensation payment from Defendants, (see id. at 21-22), presumably on the grounds that he deserved compensation for those 2023 visits, (see id. at 36 (In an email negotiation with Plaintiff's then-counsel, Ms. Herring wrote "We covered the initial medical bill. He never submitted any receipt for a prescription." and "We never authorized any psych treatment.")).

To the extent that Plaintiff's first grievance can be construed as a legal challenge to Defendants' handling of his workers' compensation claim, this court does not have subject matter jurisdiction to resolve the dispute. Sitting in diversity, this court applies substantive North Carolina law. See Erie R. Co. v. Tompkins, 304 U.S. 64, 73 (1938); Moore v. Equitrans, L.P., 27 F.4th 211, 220 (4th Cir. 2022). Under North Carolina law, the North Carolina Industrial Commission — not the judiciary — has "exclusive jurisdiction over workers' compensation claims and all related matters." Johnson v. First Union Corp., 131 N.C. App. 142, 143-44, 504 S.E.2d 808, 809 (1998); see also Seguro-Suarez by & through Connette v. Key Risk Ins. Co., 261 N.C. App. 200, 209, 819 S.E.2d 741, 749 (2018)

(distinguishing Johnson but affirming that Johnson and its progeny apply to disputes in which a plaintiff alleges that a defendant "did not appropriately handle [plaintiff's] workers' compensation claim" and thus injured the plaintiff by denying him "entitled benefit[s]"). Defendants' motion to dismiss this claim under Rule (12)(b)(1) will be granted.

In the second category of grievances, Plaintiff asserts a laundry list of additional complaints against Defendants, such as: "breaches of contract, breach of trust, breach of fiduciary duty, . . . loss of sleep, loss of time, energy exerted on the matter, . . . deceptive language, identity theft, conspiracy, . . . unfair and deceptive trading practices, and negligence in the amount of $485,000." (Doc. 5 at 5.) Some are legally cognizable claims for relief, others are not. For none of the claims, however, does Plaintiff plead related facts or expound on the elements of the claims as necessary to meet the plausibility standard established by Iqbal and Twombly. Instead, Plaintiff's allegations amount to mere "labels and conclusions" that do not overcome a Rule 12(b)(6) motion to dismiss. See Giarratano, 521 F.3d at 304 n.5. Defendants' motion to dismiss, as it pertains these claims, will be granted.

Finally, to the extent that Plaintiff's grievances are not directed at Defendants, but rather at his former employer,

Decision Point Logistics, LLC, (see, e.g., Doc. 5 at 3 ("The Owner of Decision Point Logistics, LLC., denied the Plaintiff the rightful payment(s) owed to Plaintiff.")), this court notes that Decision Point Logistics, LLC is not a party to this suit.

## IV. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff has moved for default judgment against Defendants. (Doc. 6.) Default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Default judgment is not appropriate here, where Defendants have consistently filed responsive pleadings and defended themselves in this case. Plaintiff's motion for default judgment will be denied.

## V. CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, (Doc. 7), is **GRANTED**.

In light of this dismissal, Plaintiff's motion to "Demand the Court to Compel the Defendants Respond to Plaintiff's Truth Affidavit Point by Point Exact, and Plaintiff's Response to Defendants Response," (Doc. 16), is **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Default Judgement/Acquiescence," (Doc. 6), is **DENIED**.

A Judgment dismissing this action will be filed contemporaneously with this Memorandum Opinion and Order.

This the 30th day of September, 2024.

_____William L. Osteen, Jr._____
                United States District Judge